## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Redevelopment
and Housing Authority

    v.

Joseph S. Terrell, Inc.,
and John Grier Construction Co.

Case No. LL 821-1

By JUDGE MELVIN R. HUGHES, JR.

July 6, 1987

I have reviewed Rules 4:8 and 4:12 regarding the remaining issues, and I am of the opinion that Grier's Motion for Protective Order is not in compliance with the Rule 4:8(d).

If relief by way of a protective order is sought, then that motion should be timely brought on for a hearing before responses to the interrogatories are due. I do not see the Motion as a substantial equivalent to objections under 4:8(d) because protective orders are otherwise allowed for under Rule 4:1(c).

Accordingly, plaintiff's motion to compel is granted and defendant Grier's responses shall be due according to the time mentioned in Court, and plaintiff is awarded $100.00 as attorney fees in connection with preparing and bringing on the motion for hearing.

Grier's Motion for Protective Order is denied.

September 24, 1987

On September 16, 1987, Leroy Hassell, counsel for plaintiff, telephoned me and advised that counsel for plaintiff and defendants had received my letter of September 15, 1987. He advised he was calling with the permission and consent of opposing counsel and that unless the Court would require it, all were in agreement that counsel need not appear in court any further in plaintiff's Motion to Disqualify Hirschler, Fleischer, Weinberg, Cox & Allen (Hirschler, Fleischer), as counsel for defendants Joseph S. Terrell and John Grier Construction Company (Terrell and Grier).

I advised Mr. Hassell my purpose in writing the September 15 letter was to provide counsel a further opportunity to present additional argument since the parties' respective authorities, including items plaintiff submitted under seal were not received until the day the motion was argued on September 2, 1987, and defendants' reply memorandum on or about September 9, 1987.

For purposes of this motion, the facts are summarized as follows.

Richmond Redevelopment & Housing Authority (RRHA) brought this action on April 9, 1987, against Terrell and Grier for alleged breach of a construction contract and against Lumberman's Mutual Casualty Company for alleged breach of a performance bond. From July, 1980, to July, 1985, the law firm of Little, Parsley, Cluverius (Little, Parsley) served as general counsel for RRHA. Alexander C. Graham, Jr., Esq., is now a partner with Hirschler, Fleischer having come to the law firm in July, 1987. Graham was a member of the law firm of Little, Parsley during the general counselship for RRHA, and during this time, that law firm had no less than ten partners and associates. Hirschler, Fleischer was retained by Terrell and Grier on matters in controversy in this lawsuit in May, 1986.

RRHA argues the documents under seal show Graham was personally involved during his time at Little, Parsley in representing RRHA in matters substantially related to this case. RRHA contends this included approving the performance bond in this case for RRHA and advising it

as to potential damages against Terrell. Graham denies recollection of such personal involvement, and Hirschler, Fleischer maintains it is unaware and cannot comment that Graham represented RRHA on the same or substantially related issues in this case.

Counsel for Terrell appear not to dispute, however, that other attorneys of the firm of Little, Parsley did represent RRHA in substantially related matters and indeed, the same or similar issues as here.

For the reasons outlined below, I have decided that it is unnecessary to review the documents placed under seal because of facts already known. Under the facts given, I decide the motion ought to be granted, and Hirschler, Fleischer is disqualified from representing Terrell and Grier.

Among the relevant portions of the Virginia Code of Professional Responsibility is DR 5-105(D), which states that:

> [a] lawyer who has represented a client in a matter shall not thereafter represent another person in the same or substantially related matter if the interest of that person is adverse in any material respect to the interest of the former client unless the former client consents after disclosure.

Also generally relevant are the dictates of Canons Four and Nine of the Code which require attorneys to protect the confidences and secrets of clients and to avoid even the appearance of impropriety. While no disciplinary rule expressly disqualified an attorney if his former firm represented an adverse client in a substantially related matter while he or she was with the firm, courts have inferred such disqualifications from the implications of the rules, at least where the attorney's former firm was a small one. *Bicas v. Superior Court*, 116 Ariz. 69, 567 P.2d 1198 (Ct. App. 1977); *State of Arkansas v. Dean Foods Prod. Co.*, 605 F.2d 380, 384-5 (8th Cir. 1979); *Scholoetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 710 (1976). These rulings are based in part on the presumption that attorneys in a law firm share the confidences and secrets of their clients, as well as the avoidance

of the appearance of impropriety. The Virginia Bar Legal Ethics Opinion Letter No. 240 is in accord and would relieve the lawyer involved from the requirements only after full disclosure to the clients and consent to both firms continuing in the representation, the latter of which is lacking here. Terrell argues against such a broad prohibition but cites no case authority directly to the contrary.

Given Little, Parsley's representation of RRHA in substantially related matters, the law presumes that Little, Parsley (and thus Graham) acquired confidential information in order to avoid the necessity of revealing these confidences. *See Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 571 (2d Cir. 1973). The Court therefore considers an *in camera* inspection of the tendered documents under seal unnecessary and has refrained from inspection. As these materials are not needed, they will be given back to counsel for RRHA.

Since Graham has not obtained the consent of RRHA, he cannot represent Terrell in this case. Under DR 5-105(E), because Graham is disqualified, all the attorneys in his firm are also disqualified.

The Court recognizes that the application of the rules governing disqualification requires the consideration of other important facts, chief among them, the right of a party to retain counsel of his choice, and the potential abuse of disqualification motions for tactical advantages. The Court is satisfied, however, that the proceedings in this case have not advanced so far that the substitution of new counsel by Terrell would present an undue hardship, and that RRHA's motion has merit. The Court is also aware of the possibility a law firm could implement internal procedures so as to shield an associate from confidential information concerning the case. There is no statement here, however, that Hirschler, Fleischer has set up such procedures, and Hirschler, Fleischer has not stated that Graham will not be involved in this case.

Accordingly, the Court disqualifies the firm of Hirschler, Fleischer from representing Terrell and Grier in this case.